## WATERWATCH OF OREGON, INC.,
*Petitioner,*

*v.*

## OREGON WATER RESOURCES COMMISSION,
*Respondent.*

(WRC OAR 690-80-070; CA A49489)

776 P2d 1307

Bill Kloos, Eugene, argued the cause for petitioner. With him on the brief was Johnson & Kloos, Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

**1.** Petitioner brings this proceeding under ORS 183.400 and contends that the Water Resources Commission's Umatilla River Basin Program, codified at OAR 690-80-070,[1] conflicts with ORS 536.300(2) and, therefore, exceeds the commission's statutory authority. We hold that the rule is valid.

ORS 536.300(2) provides:

"Based upon said studies [required by ORS 536.300(1)] and after an opportunity to be heard has been given to all other state agencies which may be concerned, the commission shall progressively formulate an integrated, coordinated program for the use and control of all the water resources of this state and issue statements thereof."

Petitioner contends that the commission "exceeded its statutory authority by adopting a basin program without first having in place 'an integrated coordinated program for the use and control of all the water resources of this state.' "

The commission enjoys general rulemaking authority, *see* ORS 536.027, and petitioner acknowledges that the "basin programs are certainly within the scope of the agency's authority to make policy." It argues, however, that the adoption of the integrated and coordinated statewide program mandated by ORS 536.300(2) must precede the adoption of localized basin programs and that the commission has not yet adopted a statewide program. Petitioner reasons that, in the light of the statute, a basin program can exist only to implement the statewide program, and a "basin program adopted in the absence of the statewide program violates the statutory directive."

The materially identical predecessor of ORS 536.300 was enacted by Oregon Laws 1955, chapter 707, section 10. It may be that the commission is required to have a statewide program by now and, as the commission's brief suggests in another context, it may be that a proceeding under ORS 183.490 is available to compel compliance. However, we do not agree that ORS 536.300(2), alone or in context with the other

---

[1] The challenged rule is one of several that the commission has adopted to regulate various river basins in the state.

water regulation statutes, requires any particular order of precedence in the commission's regulatory actions. The essence of petitioner's argument is that the challenged rule is invalid simply because another rule has not been adopted. There is nothing in the statute to lend substance to that argument.

**2.** Petitioner also contends that the rule is inconsistent with ORS 536.300(2), because it "underregulates." Petitioner's specific concern is that the basin program does not regulate the use of existing appropriated water rights. *See* ORS 536.320(2). Nothing in ORS 536.300(2) even arguably *requires* the regulation of those uses in this rule.

Rule held valid.